**Kristopher OKWEDY, Keyword Ministries, Inc., Plaintiffs—Appellants,**

v.

**Guy V. MOLINARI, individually and in his official capacity as President of the Borough of Staten Island, New York, PNE Media, John Doe Nos. 1–5, Jane Doe Nos. 1–5, Defendants–Appellees.**

No. 01–7941.

United States Court of Appeals, Second Circuit.

June 25, 2003.

Michael J. DePrimo (Brian Fahling and Stephen M. Crampton, on the brief) AFA Center for Law & Policy, Tupelo, Miss., for Appellants.

Kathleen Alberton, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief; Larry A. Sonnenshein and Dana Biberman, Assistant Corporation Counsel, of counsel), City of New York, New York, N.Y., for Appellee Guy Molinari.

Donald Rosenthal, Rosenthal Judell & Uchima, New York, N.Y., for Appellee PNE Media.

PRESENT: F.I. PARKER, STRAUB, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants, Kristopher Okwedy and Keyword Ministries, Inc., appeal from the district court's judgment, entered July 23, 2001, dismissing their complaint against defendants-appellees, Guy V. Molinari, the Borough President of Staten Island, and PNE Media, LLC ("PNE"), a company that produces and displays billboards. The complaint alleges that plaintiffs contracted with PNE to post billboards that quoted four different translations of Leviticus 18:22 denouncing homosexuality as an abomination, loathsome, detestable, and an enormous sin. The billboards were located in or near Staten Island neighborhoods containing a significant number of gay and lesbian residents. Following several days of public controversy, Molinari faxed a letter to PNE regarding the billboards, and before the day was out PNE removed plaintiffs' signs from the billboards. The complaint includes claims under 42 U.S.C. §§ 1983, 1985(3) and 1986 based on defendants' alleged violation of plaintiffs' rights under the Free Speech, Establishment and Free Exercise Clauses of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and various state common law and statutory claims. The district court dismissed all of plaintiffs' federal claims for failure to state a claim, and declined to exercise supplemental jurisdiction over plaintiffs' state-law claims.

On appeal, plaintiffs raise a number of challenges to the district court's dismissal of their claims, all but one of which we consider in this summary order. The remaining argument—that the district court erred by dismissing plaintiffs' Free Speech

Clause claim—we discuss and resolve in an opinion issued separately today.

■ First, we conclude that plaintiffs' Free Exercise Clause claim was properly dismissed. Plaintiffs contend that Molinari violated their rights under the Free Exercise Clause by criticizing the billboards' message as unnecessarily confrontational and offensive, and by creating an atmosphere of intolerance. In order to prevail on a Free Exercise Clause claim, a plaintiff generally must establish that "the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation," or that its "purpose ... is the suppression of religion or religious conduct." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 533, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993); *see also, e.g., Bronx Household of Faith v. Cmty. Sch. Dist. No. 10,* 127 F.3d 207, 216 (2d Cir.1997). It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can "demonstrate a rational basis for [the] enforcement" of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law. *See Fifth Avenue Presbyterian Church v. City of New York,* 293 F.3d 570, 574 (2d Cir. 2002) (citing *Church of the Lukumi Babalu Aye,* 508 U.S. at 531, 113 S.Ct. 2217, and *Employment Div., Dep't of Human Resources of Or. v. Smith,* 494 U.S. 872, 878–79, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990)). Plaintiffs have alleged no facts that suggest that Molinari's purpose or the purpose of the New York law was to single out plaintiffs' religious expression. In fact, plaintiffs acknowledge that Molinari acted pursuant to the general policy against "intolerance" and "bigotry" expressed in New York law and the New York City Administrative Code § 8–101. *See* Pls.-Appellants'

Br. at 56–57. Therefore, because plaintiffs have not shown that Molinari lacked a rational basis for enforcing that policy, the district court correctly dismissed the Free Exercise Clause claim.

■ Second, the facts alleged in the complaint do not support plaintiffs' Establishment Clause claim. Plaintiffs argue that Molinari's letter violated their rights under the Establishment Clause of the First Amendment because it demonstrates the City's "official position of hostility toward the biblical viewpoint of homosexual practice and Okwedy's religious beliefs." Pls–Appellants' Br. at 13. Further, plaintiffs assert that, through his letter, Molinari violated the principle of "absolute equality before the law[ ] of all religious opinions and sects." Pls–Appellants' Br. at 14. Although Molinari's letter indicated he was aware of the biblical source of the quotations on the billboards, the letter did not "differentiate among sects," *Hernandez v. Comm'r,* 490 U.S. 680, 695, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989), nor did it make "explicit and deliberate distinctions between different religious organizations." *Id.* at 695–96, 109 S.Ct. 2136 (quotations and citations omitted). Thus, there was no violation of the "principle of denominational neutrality." *See Larson v. Valente,* 456 U.S. 228, 246, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982).

Moreover, after reviewing the allegations in the complaint, we are convinced that the district court correctly concluded that Molinari's conduct comports with the requirements of the test set forth in *Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), which we apply in situations where a facially-neutral policy is challenged on Establishment Clause grounds. *See Hernandez,* 490 U.S. at 695, 109 S.Ct. 2136; *see also, e.g., Commack Self–Serv. Kosher Meats, Inc. v. Weiss,* 294 F.3d 415, 425–32 (2d Cir.2002)

(applying the *Lemon* test). Because Molinari's letter did not create a denominational preference or violate the *Lemon* test, we affirm the district court's dismissal of plaintiffs' Establishment Clause claim.

Third, we affirm the district court's dismissal of plaintiffs' Equal Protection claim, and their claims under 42 U.S.C. §§ 1985(3) and 1986 for substantially the same reasons as those given by the district court.

Fourth, we reject plaintiffs' argument that the district court erred by denying their motion to strike the declaration of Dana Biberman, Molinari's attorney. The district court correctly concluded that Biberman's declaration "does not refer improperly to any material that is not included in the complaint." *Cf. Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986).

Finally, because we conclude, in the opinion issued simultaneously with this order, that the district court erred by dismissing plaintiffs' Free Speech Clause claim, we vacate the portion of the district court's judgment that dismissed plaintiffs' state-law claims. *See Nerney v. Valente & Sons Repair Shop,* 66 F.3d 25, 30 (2d Cir.1995). On remand, "[t]he district court may either exercise jurisdiction over those claims under [28 U.S.C.] § 1367(a) or articulate 'compelling reasons for declining jurisdiction.'" *See id.* (quoting 28 U.S.C. § 1367(c)(4)).

For the foregoing reasons, the judgment of the district court is AFFIRMED in all respects except the part that dismissed plaintiffs' state-law claims, which part is VACATED and REMANDED to the district court for further proceedings. The part of the judgment dealing with plaintiffs' Free Speech Clause claim is addressed in an opinion to be separately filed. The parties shall bear their own costs.